IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KATIE DENISE CHAVES, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 2:22-cv-00310-JRG-RSP |
| § | |
| MCLEOD INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
| § | |
| *Defendant*. § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant McLeod Independent School District's ("MISD") Motion for Partial Dismissal. **Dkt. No. 4**. For the following reasons, the motion to dismiss should be **GRANTED-IN-PART**.

### I.     BACKGROUND

Plaintiff Katie Chaves is a former employee of MISD. On August 11, 2022, Ms. Chaves filed suit against MISD for allegedly discriminating against her based on a back injury she asserts occurred at work.[1] In particular, Ms. Chaves filed four claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, including (1) disparate treatment, (2) disparate impact, (3) regarding Ms. Chaves as a person with a disability, and (4) failure to make reasonable accommodations.[2] Ms. Chaves also filed claims under Chapters 21 and 451 of the Texas Labor Code.[3] In addition to actual damages, Ms. Chaves seeks punitive damages.[4] Before

---

[1] Complaint, Dkt. No. 1 at ¶¶ 9–12.

[2] *Id.* at ¶¶ 13–16.

[3] *Id.* at ¶¶ 17–18.

[4] *Id.* at ¶¶ 19–22.

filing in federal court, Ms. Chaves filed a charge with the EEOC on October 27, 2021 and received a Notification of Right To Sue less than 90 days before this suit was filed.[5]

In its motion to dismiss, MISD alleges (A) punitive damages cannot be recovered against MISD—a political subdivision, (B) governmental immunity bars the claim under Chapter 451 of the Texas Labor Code, and (C) Ms. Chaves failed to exhaust administrative remedies as required for a disparate impact claim under the ADA.

## II. LAW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, the Court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. To be legally sufficient, the complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id.* The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 257. If it is apparent from the face of

---

[5] EEOC Claim, Dkt. No. 4-1.

the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III. ANALYSIS

MISD seeks to dismiss (A) the request for punitive damages, (B) the claim for employment discrimination under Chapter 451 of the Texas Labor Code, and (C) the claim regarding disparate impact under the ADA.

#### A. Punitive Damages

The complaint includes a single paragraph regarding punitive damages that parrots the "malice or reckless indifference" legal requirement under 42 U.S.C. § 1981a(b)(1).[6]

First, MISD argues that punitive damages under the ADA are governed by 42 U.S.C. § 1981a(b)(1), which precludes punitive damages awards against political subdivisions—like MISD.[7] Second, MISD argues that the punitive damages cannot be recovered from MISD—a governmental entity—under the Texas Labor Code.[8] Ms. Chaves did not respond to these arguments.[9] After reviewing the briefing and arguments, the motion to dismiss the request for punitive damages should be **GRANTED**.

---

[6] Complaint, Dkt. No. 1 at ¶ 22

[7] Motion for Partial Dismissal, Dkt. No. 4 at 5 (citing *Barnes v. Gorman*, 536 U.S. 181, 189 (2002); *McMillen v. New Caney Indep. Sch. Dist.*, 939 F.3d 640, 647 n.1 (5th Cir. 2019) (citing *Barnes*, 536 at 189 (no punitive damages)); *Liner v. Hosp. Serv. Dist. No. 1*, 230 Fed. Appx. 361, 365 (5th Cir. 2007); 42 U.S.C. § 1981a(b)(1) (authorizing punitive damages in discrimination cases **unless** defendant is a government, governmental agency, or ***political subdivision***)).

[8] Motion for Partial Dismissal, Dkt. No. 4 at 5 (citing Texas Labor Code § 21.2585(b) ("A complainant may recover punitive damages against a respondent, ***other than a respondent that is a governmental entity*** …."); *Harris v. City of Balch Springs*, 9 F. Supp. 3d 690, 709 (N.D. Tex. 2014) ("Likewise, a governmental entity cannot be held liable for punitive damages for claims of discrimination brought under the Texas Labor Code.")).

[9] *See* Response, Dkt. No. 10; *see also* Reply, Dkt. No. 11 at 1.

### B. Employment Discrimination Under Chapter 451 of the Texas Labor Code

Is Ms. Chaves's employment discrimination claim against MISD barred by Chapter 451 of the Texas Labor Code? The Court holds that it is.

Chapter 451 of the Texas Labor Code prohibits a person from discharging or discriminating against an employee, who in good faith files a worker's compensation claim. *See* Tex. Lab.Code § 451.001(1). In 2011, the Texas Supreme Court held: (1) "governmental immunity provides [suit and liability] protection to the political subdivisions of the state, such as counties, cities, and school districts;" (2) consent is required for a retaliatory discharge claim against a political subdivision; and (3) a 2005 amendment to Chapter 504 of the Texas Labor Code eliminated waiver of immunity for retaliatory discharge claims under Chapter 451 of the Texas Labor Code. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–59 (Tex. 2011); *see also Manbeck v. Austin Indep. Sch. Dist.*, 381 S.W.3d 528, 531–532 (Tex. 2012) (reexamining and upholding the decision in *Travis Cent. Appraisal Dist.*).

In 2017, Chapter 504 of the Texas Labor code was amended to limit damages on Chapter 451 worker's compensation retaliation claims.[10] Similarly, Chapter 451 was amended in 2017 to carve out an exception waiving sovereign or governmental immunity for retaliation claims brought by first responders.[11]

---

[10] Tex. Lab. Code § 504.002(a-1) ("The liability of a political subdivision under Chapter 451 is limited to money damages in a maximum amount of $100,000 for each person aggrieved by and $300,000 for each single occurrence of a violation of that chapter. For purposes of this subsection, a single occurrence is considered to be a single employment policy or employment action that results in discrimination against or discharge of one or more employees concurrently.")

[11] Tex. Lab. Code § 425.0025(b) ("A first responder who alleges a violation of Section 451.001 by a state or local governmental entity that employs the first responder may sue the governmental entity for the relief provided by this chapter. Sovereign or governmental immunity from suit is waived and abolished to the extent of liability created by this chapter.").

This understanding of *Travis Cent. Appraisal Dist.* is consistent with its application in federal courts in Texas and this district. *Gore v. Cedar Hill Indep. Sch. Dist.*, 2016 WL 4597513, at *13–14 (N.D. Tex. 2016), *report and recommendation adopted*, 2016 WL 4593515 (N.D. Tex. 2016) (dismissing Chapter 451 claims against a school district because, as a "political subdivision" of Texas, Cedar Hill ISD is "protected by governmental immunity"); *Elmore v. Collin County, Texas*, 2012 WL 1554883, at *1 (E.D. Tex. 2012) (citing *Travis Cent. Appraisal Dist.*, 342 S.W.3d at 56 (finding that "sovereign or governmental immunity generally protects the government from liability for the performance of governmental functions, such as the hiring and firing of employees")); *Jackson v. City of Sherman, Texas*, No. 4:16-CV-774-KPJ, 2017 WL 4791818, at *3 (E.D. Tex. Oct. 23, 2017) (granting 12(b)(1) motion to dismiss a Chapter 451 Texas Labor Code worker's compensation claim against the City of Sherman because, under *Travis Cent. Appraisal Dist.*, "the City [of Sherman] is entitled to governmental immunity.").

Ms. Chaves's response merely cites Texas Supreme Court cases predating the 2005 amendment to Chapter 504 of the Texas Labor Code, and various Texas appellate courts around the 2011 timeframe.[12] Those arguments are unpersuasive. Therefore, the motion to dismiss the claim under Chapter 451 of the Texas Labor Code should be **GRANTED**.

### C. Disparate Impact Claim Under the ADA

Accepting Ms. Chaves's factual allegations set forth in the complaint as true, has she pleaded sufficient facts to establish a plausible claim of disparate impact under the ADA? The Court holds that she has.

A plaintiff must exhaust administrative remedies before filing an ADA claim in federal court. *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017). MISD asserts that Ms.

---

[12] Response, Dkt. No. 7–8.

Chaves's EEOC charge fails to reference a facially neutral employment practice that (1) falls more harshly on disabled MISD employees, and (2) cannot be justified by business necessity.[13]

Nevertheless, MISD concedes that courts liberally construe the scope of the EEOC charge in deciding if an ADA plaintiff has exhausted a claim.[14] In addition, MISD acknowledges the EEOC charge is analyzed "not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'"[15] Importantly, according to the same United States Supreme Court case MISD cites, "[p]roof of discriminatory motive, we have held, is *not required* under a disparate-impact theory." *Int'l Bhd. of Teamsters*, 431 U.S. at 335 n.15 (emphasis added).

Accepting the factual allegations in the complaint and the EEOC charge as true, and drawing all reasonable inferences in Ms. Chaves's favor, Ms. Chaves has a plausible claim of disparate impact under the ADA. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). Accordingly, the motion to dismiss the disparate impact claim under the ADA should be **DENIED**.

### IV.   CONCLUSION

For the reasons above, the motion to dismiss (Dkt. No. 4) should be **GRANTED-IN-PART** as to (1) the request for punitive damages and (2) the claim under Chapter 451 of the Texas

---

[13] Motion for Partial Dismissal, Dkt. No. 4 at 7 (citing *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977) ("Claims of disparate treatment may be distinguished from claims that stress "disparate impact." The latter involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.")).

[14] Motion for Partial Dismissal, Dkt. No. 4 at 6 (citing *Patton*, 874 F.3d at 443 (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006))).

[15] *Id.*

Labor Code. The motion to dismiss should be **DENIED** as to the disparate impact claim under the ADA.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 17th day of March, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE